**Kirby SMART, Plaintiff-Appellant,**

v.

**DHL EXPRESS (USA), INC., Defendant-Appellee.**

No. 17-1498

United States Court of Appeals, Seventh Circuit.

Submitted August 18, 2017 *

Decided October 12, 2017

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal argu-ments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Kirby Smart, Pro Se

Uma Chandrasekaran, Richard B. Lapp, Attorneys, Seyfarth Shaw LLP, Chicago, IL, for Defendant-Appellee

Before FRANK H. EASTERBROOK, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge

## ORDER

Kirby Smart, who is black, sued his former employer, DHL Express (USA), Inc., a company providing package-delivery services, for firing him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and 42 U.S.C. § 1981. Smart worked as a freight delivery driver for DHL until he was fired for visiting a movie rental store on company time and for falsifying company records. The district court granted DHL's motion for summary judgment. We affirm.

Smart began working in 1986 as a driver for DHL's corporate predecessor and belonged to the union representing the employees at his workplace. Under Article 21 of the collective-bargaining agreement in force between DHL and the union, employees could be discharged for dishonesty, including stealing from the company. Over the ensuing 24 years, Smart was discharged three times for using company time for personal matters. Each time his union grieved the termination and he was reinstated.

In mid-2010 DHL received complaints from several of its drivers that Smart was using company time to watch videos in his truck. DHL responded by hiring a private investigator, who monitored Smart's movements over several days and reported that

Smart spent hours of company time running personal errands, including making multiple trips to a movie rental store. DHL fired him for violating Article 21 by dishonestly "stealing" company time and falsifying company records. Smart asked the union to take the matter to arbitration, but it declined to do so.

Six months later DHL fired a white employee, Vince Abbott, for violating Article 21 by falsely representing that he attempted to deliver packages. The union filed a grievance on Abbott's behalf and negotiated his reinstatement; DHL reduced his discipline to suspension without pay. Unlike Smart, however, Abbott had not been previously disciplined for dishonesty or falsifying company records.

Smart sued DHL for discriminating against him based on his race. Presenting his claim under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Smart contended that he and Abbott were similarly situated because they both were DHL drivers who committed dishonesty-related infractions. The district judge entered summary judgment for DHL, holding that Smart and Abbott were not similarly situated because the union secured Abbott's reinstatement via a settlement following arbitration and Abbott did not have Smart's disciplinary history of dishonesty-related infractions. The judge also ruled that Smart had not presented any evidence from which a reasonable fact finder could conclude that DHL's stated reason for firing him—using company time to go to a movie rental store—was pretextual.

On appeal Smart disputes the judge's determination that he was not similarly situated to Abbott. Smart first argues that he "was told that [his union was] working on arbitration" of his case, but that is beside the point because he conceded in

his statement of undisputed facts that the union declined to pursue arbitration on his behalf. He also argues that Abbott's disciplinary history was comparable to his, but he contradicted himself by admitting in his statement of undisputed facts that before February 2011 Abbott was never disciplined or terminated for dishonesty or falsifying company records.

Finally, Smart contends that the judge mistakenly rejected his evidence of pretext—specifically, that both he and Abbott violated Article 21, but DHL treated Abbott more leniently by reinstating him. We need not evaluate this argument, however, because Smart did not establish a prima facie case of racial discrimination. *See Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 327 (7th Cir. 2002); *Contreras v. Suncast Corp.*, 237 F.3d 756, 761 (7th Cir. 2001).

We have considered Smart's other arguments and none has merit.

AFFIRMED.